IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| EVELYN SICAN, Individually and as Administrator of the Estate of LUCIANO SICAN-SOLOMAN; KIMBERLY ACOSTA; LUIS SICAN; JASMINE SICAN; and GLENDA SICAN,<br>Plaintiffs,<br>v.<br>JBS S.A., JBS USA FOOD COMPANY; SWIFT PORK COMPANY; JBS LIVE PORK LLC; JOHN DOES 1–3; and JOHN DOES 4–7,<br>Defendants. | **No. 4:22-cv-00180-RGE-HCA**<br><br>**ORDER TO SHOW CAUSE** |

Plaintiffs Evelyn Sican, individually and as Administrator of the Estate of Luciano Sican-Soloman, Kimberly Acosta, Luis Sican, Jasmine Sican, and Glenda Sican sue Defendants JBS S.A., JBS USA Food Company, Swift Pork Company, JBS Live Pork LLC, John Does 1–3, and John Does 4–7 under Iowa law. Compl., ECF No. 1. Plaintiffs' six-count complaint alleges claims for: negligence against Swift Pork Company (Count I); negligence against JBS S.A., JBS USA Food, Swift Pork, JBS Live Pork LLC, John Does 1–3, and John Does 4–7 (collectively, the JBS Defendants) (Count II); fraudulent misrepresentation against the JBS Defendants (Count III); wrongful death and survival action against the JBS Defendants (Count IV); gross negligence against John Does 4–7 (Count V); and loss of consortium against the JBS Defendants (Count VI). *Id.* at 22–34; *see also id.* at 7. Plaintiffs assert the Court has diversity jurisdiction over this action. *Id.* at 7.

The Court orders Plaintiffs to show cause why the case is properly before the Court. "The federal courts are courts of limited, not general, jurisdiction." *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). Therefore, every federal "court has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir.

2011). The Court will address jurisdictional issues sua sponte where the parties do not raise the issues. *Thomas*, 931 F.2d at 523.

Specifically, the Court orders Plaintiffs to show cause why the parties are diverse as required by 28 U.S.C. § 1332. For purposes of determining diversity of citizenship, the Court considers the citizenship of each member of a limited liability company. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."). Additionally, "the general rule has been that, on challenge, the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action." *Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 899 (8th Cir. 2015) (cleaned up) (internal quotation marks and citation omitted). Plaintiffs allege diversity of citizenship exists, but fail to identify the members of JBS Live Pork LLC or allege the citizenship of those members. *See* ECF No. 1 at 5. Plaintiffs also fail to allege the citizenships of John Does 1–7. *See id.* at 6. The Court thus lacks the necessary information to determine whether diversity of citizenship exists in this case.

Plaintiffs, as the party "attempting to invoke diversity jurisdiction," have the "burden to plead the citizenship of the parties." *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). As a result, Plaintiffs must provide the Court all the information it needs to determine the citizenship of each of JBS Live Pork LLC's members. Plaintiffs must also allege the citizenships of John Does 1–7. Plaintiffs shall submit this information to the Court within fourteen days from the date of this Order. If Plaintiffs file no response, the case will be dismissed.

**IT IS SO ORDERED.**

Dated this 16th day of June, 2022.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE