IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Evelyn Sican, Individually and as Administrator of the Estate of Luciano Sican-Soloman, Kimberly Acosta, Luis Sican, Jasmine Sican, and Glenda Sican<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JBS S.A., JBS USA Food Company, Swift Pork Company, JBS Live Pork LLC, John Does 1–3, and John Does 4–7,<br><br>　　　　Defendants. | Case No. 4:22-cv-00180<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

COMES NOW Defendants JBS S.A., JBS USA Food Company, Swift Pork Company, JBS Live Pork LLC, John Does 1-3, and John Does 4-7, by and through the undersigned counsel, pursuant to Local Rule 7(g-h), hereby submits its Reply Brief in Support of its Motion to Dismiss for Failure to State a Claim, and states:

**TABLE OF CONTENTS**

I. Plaintiffs' claims are preempted by the FMIA ................................................................. 2

　　A. The Eighth Circuit's holding in *Buljic* never reached a FMIA analysis................... 2

　　B. The underlying district court cases appealed in *Buljic* are not persuasive ............... 2

II. Iowa's Workers' Compensation Act bars Plaintiffs' negligence claims (Counts I and II), fraudulent misrepresentation claim (Count III), wrongful death claim (Count IV), and loss of consortium claim (Count VI) by exclusivity ............................................................. 4

III. Plaintiffs' allegations do not satisfy Rule 9(b) ..................................................................... 6

IV. Conclusion ........................................................................................................................ 6

1

I. **All of Plaintiffs' claims are preempted by the FMIA.**

    A. **The Eighth Circuit's holding in *Buljic* is inapposite here.**

In the Motion to Dismiss, Defendants provide a step-by-step analysis of FMIA preemption. (ECF 15 at 4-9.) Plaintiffs failed to conduct the same analysis, instead arguing the Eighth Circuit's inapplicable decision in *Buljic v. Tyson Foods, Inc.* controls. *See* Resistance, at 11 ("Shockingly, JBS failed to even draw the Court's attention to actual controlling authority established by the Eighth Circuit Court of Appeals in Buljic . . . ."). Not so.

The Eighth Circuit never discussed FMIA preemption, and the decision does not make even a passing reference to the FMIA statute. *See generally Buljic v. Tyson Foods, Inc.*, 22 F.4th 730 (8th Cir. 2021). Simply put, *Buljic* is not instructive.[1]

    B. **The underlying district court cases appealed in *Buljic* are not persuasive.**

*Buljic* was a consolidated appeal of two cases from the Northern District of Iowa, namely: *Buljic v. Tyson Foods, Inc.*, No. 20-cv-2055, 2020 WL 13042580 (N.D. Iowa, Dec. 29, 2020) and *Fernandez v. Tyson Foods, Inc.*, 509 F.Supp.3d 1064 (N.D. Iowa 2020) (collectively, the "Underlying Cases"). Plaintiffs rely extensively on the Underlying Cases. But neither of the Underlying Cases involved a motion to dismiss based on preemption. *Buljic*, 2020 WL 13042580 at *13-14; *Fernandez*, 509 F. Supp. 3d at 1079-83. Instead, the Underlying Cases considered whether there was federal jurisdiction under the federal officer removal statute. Both cases were resolved under the "acting under" requirement for the federal officer removal statute. *Buljic*, 2020 WL 13042580 at *14; *Fernandez*, 509 F. Supp. 3d at 1082.

---

[1] That the Eight Circuit was able to dispose of the appeal on jurisdictional grounds on the first element and without undertaking a merits analysis demonstrates that the jurisdictional inquiry (*i.e.*, the federal officer removal statute) and the FMIA preemption inquiry (*i.e.*, the FMIA statute) are distinct.

Although the jurisdictional issue was resolved, the district court, in dicta, went on to evaluate additional elements of the federal officer removal statute and stated that Tyson failed to demonstrate a colorable federal defense under the FMIA. *Buljic*, 2020 WL 13042580 at *15; *Fernandez*, 509 F. Supp. 3d at 1083. The court's conclusion regarding a colorable claim under the FMIA was merely dicta—as the court had already concluded that it lacked federal jurisdiction.

By contrast, other federal district courts have held FMIA preemption would bar claims like those Plaintiffs advance here.[2] Those cases are more numerous, necessarily reach colorability on jurisdictional grounds or squarely address FMIA preemption, and are better reasoned. Indeed, the Underlying Cases grounded their analysis on the concept that contracting COVID-19 at a meatpacking plant is a worker safety issue, rather than a food safety issue covered by the FMIA. But that notion fails to recognize the intertwined nature between worker safety and communicable disease in meatpacking and food safety. *See, e.g.*, 9 C.F.R. § 416.5(c), 416.2(b), 416.5(b) (FMIA regulations addressing the spread of communicable diseases among plant employees). The adoption of such regulations shows that the FSIS does, in fact, govern disease control at processing plants such that diseases could not contaminate the food; and other attempts to regulate plants, such as Plaintiffs' claims, must give way to the FMIA.

---

[2] Several federal courts have found FMIA preemption is at least colorable for federal jurisdiction purposes. *See, e.g.*, *Wazelle v. Tyson Foods, Inc.*, No. 2:20-CV-203, 2021 WL 2637335, *3 n.1 (N.D. Tex. June 25, 2021) (Tyson asserted a colorable defense under the FMIA against plaintiff's common law claims arising from alleged COVID-19 exposure at a processing plant); *Garcia v. Swift Beef Co.*, No. 2:20-cv-263-Z, 2021 WL 2826791, at * 3 (N.D. Tex. July 7, 2021) (same). More importantly, other federal courts have held that FMIA preemption is more than merely colorable and is actually a meritorious defense in the context of COVID-19 cases in meatpacking plants. *See Johnson v. Tyson Foods, Inc.*, 2:21-CV-156-Z-BR, 2022 WL 456897, *4 (N.D. Tex. Jan. 20, 2022) (negligence claims arising out of exposure to COVID at a processing plant "fall within FMIA's express preemption provision"); *Fields v. Tyson Foods, Inc.*, No. 6:20-cv-00475, 2021 WL 4302836, at * 1-3 (E.D. Tex. Sept. 22, 2021) (tort claims arising out of alleged COVID exposure at a processing plant are preempted by the PPIA).

Efforts to reframe state requirements have been rejected by the Supreme Court to avoid rendering the FMIA preemption meaningless. *See Nat. Meat Ass'n v. Harris*, 565 US. 452, 464 (2012) (allowing a plaintiff to reframe its claim would "make a mockery of the FMIA's preemption provision") (citing *Engie Mfrs. Assn. v. South Coast Air Quality Management Dist.*, 541 U.S. 246, 255 (2004) (it "would make no sense" to allow a party to avoid preemption by re-framing the purported purpose of the regulation). For the same reason, Plaintiffs here cannot reframe their claims as a workplace injury for the purpose of avoiding the FMIA's preemption clause.

II. **Iowa's Workers' Compensation Act bars Plaintiffs' negligence claims (Counts I and II), fraudulent misrepresentation claim (Count III), wrongful death claim (Count IV), and loss of consortium claims (Count VI) by exclusivity.**

Plaintiffs concede an action for workers' compensation benefits is the exclusive remedy available to an employee against an employer for an injury arising out of and in the course of the employment. *See* Resistance, at 14 (citing Iowa Code § 85.20). Plaintiffs claim the workplace injuries alleged would fall beyond the ambit of the Iowa Workers' Compensation Act ("IWCA") because Mr. Sican-Solomon's contraction of the coronavirus is not a compensable under IWCA. *See* Resistance, at 14. Not so.

IWCA defines "injury" to include "death resulting from personal injury." Iowa Code § 85.61. Moreover, the term "shall not include a disease *unless* it shall result from the injury …" *Id*. (emphasis supplied). The IWCA recognizes a remedy for disease as an "injury" under the Act if it results from (or is otherwise exacerbated by) a workplace injury. *See id.; see also Iowa Dep't of Transp. v. Van Cannon*, 459 N.W.2d 900, 904 (Iowa 1990) ("If a claimant had a preexisting condition or disability, aggravated, accelerated, worsened, or 'lighted up' by an injury which arose

out of and in the course of employment resulting in a disability found to exist, the claimant is entitled to compensation.").

Indeed, the injury by the coronavirus and the resulting disease (COVID-19) is recognized as a compensable workplace injury under the IWCA. *See e.g.*, *Kelley v. Home Instead Senior Care & Pinnaclepoint Ins. Co.*, FILE NUMBER: 2070092, 2022 WL 1787207, at *1 (Iowa Workers Comp. Comm'n Feb. 17, 2022) (finding Claimant sustained "a work-related injury" when she "contracted COVID-19 while caring for a patient" and was entitled to alternative medical care for her COVID-19 condition and symptoms); *see also Bolton v. Marcus Lumber & Redwood Fire & Cas. Co.*, FILE NUMBER: 20015335, 2022 WL 1787479 at *11–12 (Iowa Workers Comp. Comm'n Mar. 24, 2022) (accepting COVID-19 as a workplace injury under the IWCA but finding claimant failed to prove "work was a substantial factor in causing him to contract COVID-19, which caused his subsequent death").

In short, IWCA's language affords recovery for an alleged workplace injury in circumstances Mr. Sican-Solomon claims. *See* Complaint at ¶¶ 2 – 3 (alleging he suffered a harm – contracting the coronavirus – while he was employed as a line worker at the JBS meat processing plant and within the course and scope of his employment, resulting in his death). That recognition, of course, does not relieve the injured employee of the obligation to demonstrate causation between the injury and the workplace. And, the inability of an employee to demonstrate causation does not permit an end run of the exclusive remedy bar.[3] *Id*. Plaintiffs' negligence claims are therefore

---

[3] Whether Plaintiffs are successful in meeting their burden of proof as to causation of the injury does not provide them relief from the IWCA's exclusive remedy provision; their claims nevertheless fall within the ambit of the IWCA and the exclusive remedy provision applies. *See Good v. Tyson Foods, Inc.*, 756 N.W.2d 42, 46 (Iowa 2008) (finding where the Iowa Worker's Compensation Act provides an adequate remedy for an employee's claims of a workplace injury, the exclusive remedy provision applies); *see also Thayer v. State*, 653 N.W.2d 595, 599–600 (Iowa 2002) (in analyzing

barred. The balance of Plaintiffs' counts are also barred.[4] Plaintiffs have dismissed their gross negligence claims which are the only exception to the exclusive remedy bar.

### III. Plaintiffs' allegations do not satisfy Rule 9(b).

Plaintiffs Resistance does not identify *who* made alleged misrepresentations, *when* the alleged representations were made, and *where* the alleged misrepresentations were made.[5] Plaintiffs offer no explanation as to how any specific instruction was false. As such, Plaintiffs' allegations do not meet Rule 9(b)'s requirements. *Bucco v. W. Iowa Tech. Cmty. Coll.*, 555 F. Supp. 3d 628, 655–56 (N.D. Iowa 2021) (holding that Rule 9(b) is not met because the plaintiffs "lump all defendants together in making their allegations"); *Remmes v. Int'l Flavors & Fragrances, Inc.*, 389 F. Supp. 2d 1080, 1088 (N.D. Iowa 2005) (when a plaintiff "accuses multiple defendants of participating in a scheme to defraud, the plaintiffs must take care to identify which of them was responsible for the individual acts of fraud") (citing *DeWit v. Firstar Corp.*, 879 F. Supp. 947 (N.D. Iowa 1995)).

### IV. Conclusion

Defendants therefore request Plaintiffs' claims be dismissed with prejudice.

---

whether the exclusive remedy provision applies, the inquiry focuses on the character and source of the risk giving rise to the alleged injury and on the relationship of the risk to the nature of employment).

[4] Plaintiffs' fraudulent misrepresentation claim (Count III) is also subject to the IWCA's exclusive remedy provision and should be dismissed. *See Nelson v. Winnebago Indus., Inc.,* 619 N.W.2d 385, 388 (Iowa 2000) (preventing plaintiffs from recasting a workplace injury as "fraud" to escape the exclusive remedy provision of the IWCA); *see also Wilson v. IBP, Inc.*, 558 N.W.2d 132, 137-38 (Iowa 1996). Plaintiff's wrongful death (Count IV) and consortium claims (Count VI) fail because they are not stand-alone causes of action and the underlying substantive claims are barred by the exclusive remedy of the IWCA. *See* Iowa Code § 613.15 and *supra*. Indeed, Section 611.20 preserves the causes of action and only affords an additional *source of recovery*, not a new *cause of action*. As to loss of consortium, Plaintiffs have failed to demonstrate it can evade workers' compensation exclusivity. *See Johnson v. Farmer*, 537 N.W.2d 770, 773 (Iowa 1995) ("The exclusive remedy provisions of section 85.20 serve to preclude the loss-of-consortium claims as well as [Plaintiff's] bodily injury claim."). Moreover, the statute Plaintiff cites relates again to the *measure of recovery* available. Iowa Code § 613.15.

[5] Plaintiffs attempt at explaining the *what* of the fraudulent misrepresentation claim is also deficient. Plaintiffs use conclusory language and attempt to summarize the misrepresentations. Plaintiffs do not specify what was said or published, nor how it was false.

<div style="display: flex;">

<div>

**Certificate of Service**

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed as receiving notice on September 13, 2022, by CM/ECF.

 */s/ Adam D. Zenor*

Copy to:

J. Barton Goplerud
Brian O. Marty
SHINDLER ANDERSON GOPLERUD & WEESE, P.C.
5015 Grand Ridge Drive
Suite 100
West Des Moines, IA 50265
goplerud@dagwlaw.com
marty@sagwlaw.com

Aidan B. Carickhoff
 Admitted *Pro Hac Vice*
Jeffrey P. Goodman
Jason S. Weiss
 *Pro Hac Vice* Forthcoming
SALTZ MONGELUZZI & BENDESKY
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
jgoodman@smbb.com
jweiss@smbb.com
acarickhoff@smbb.com

ATTORNEYS FOR PLAINTIFFS

</div>

<div>

Respectfully submitted,

ZENOR KUEHNER, PLC

By: */s/ Adam D. Zenor*
 Adam D. Zenor, AT0009698

 111 East Grand Avenue, Suite 400
 Des Moines, IA 50309
 Phone: 515/650-9005
 Fax: 515/206-2654
 adam@zenorkuehner.com

By: */s/ Clayton E. Bailey*
 Clayton E. Bailey
 Benjamin Stewart
 Jason Marlin
 Admitted *Pro Hac Vice*

 Bailey Brauer PLLC
 Campbell Centre I
 8350 N. Central Expressway, Suite 650
 Dallas, TX 75206
 cbailey@baileybrauer.com
 bstewart@baileybrauer.com
 jmarlin@baileybrauer.com

ATTORNEYS FOR DEFENDANTS

</div>

</div>