IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Evelyn Sican, Individually and as Administrator of the Estate of Luciano Sican-Soloman, Kimberly Acosta, Luis Sican, Jasmine Sican, and Glenda Sican<br><br>    Plaintiffs,<br><br>v.<br><br>JBS S.A., JBS USA Food Company, Swift Pork Company, JBS Live Pork LLC, John Does 1–3, and John Does 4–7,<br><br>    Defendants. | Case No. 4:22-cv-00180<br><br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

COME NOW, Defendants, by and through the undesigned counsel, and for their Notice of Supplemental Authority, state:

1. On August 1, 2022, Defendants filed a Motion to Dismiss. *See* Docs. # 15, 15-1. Plaintiffs timely resisted. *See* Doc. # 18.

2. On September 13, 2022, Defendants timely filed a Reply to the Resistance. *See* Doc. # 22.

3. In their Motion to Dismiss and Reply, Defendants maintain that Plaintiffs' negligence and fraudulent misrepresentation claims are barred by workers' compensation exclusivity.

*Andrade, et al. v. JBS USA, et al.*

4. On January 5, 2023, the Iowa District Court for Marshall County entered an opinion in the matter of *Andrade, et al. v. JBS USA, et al.*, No. 40-LACI011441 (Iowa Dist. Ct. Jan. 5, 2023).

5.     In *Andrade*, the plaintiffs filed suit against the decedent's employer, JBS, among other defendants, alleging gross negligence, fraudulent misrepresentation, loss of consortium, and punitive damages for the decedent's death, which was allegedly caused by COVID-19 contracted in the course of his employment at JBS. *See id.*, slip op. at 13-15. Defendants moved to dismiss all counts, leaving only the gross negligence claims against the individual co-employees. The District Court granted the Motion to Dismiss in part, finding Iowa Code Section 85.20 provides the exclusive remedy for the plaintiffs' claims, including gross negligence and fraud, against the employer. *Id.* at 7. The District Court dismissed all counts against the employer entities.[1]

6.     In finding the exclusive remedy provision of the Worker's Compensation Act barred all claims against the employer, the Iowa District Court for Marshall County held the plaintiffs' allegations of intentional or wanton conduct of the employer did not escape the exclusivity provision. *Id.* at 8. Specifically, "Section 85.20(2) makes it clear that standard applies only to actions against coemployees. It is not a part of section 85.20(1), which governs actions against employers." *Id.* There are no claims of gross negligence against the co-employees in this case.

7.     Relevant to the case at bar, the *Andrade* Court found wrongful death claims arising from the contraction of COVID-19 in the course of employment are subject to the workers' compensation exclusive remedy provision, which bar civil claims against employers such as those pleaded in this case.

---

[1] The *Andrade* plaintiffs' only surviving claims are claims of co-employee gross negligence—claims not asserted in the present case.

*Collins v. Des Moines Area Regional Authority, et al.*

8. On January 9, 2023, the Iowa Worker's Compensation Commissioner entered an order affirming an arbitration decision in the matter of *Collins v. Des Moines Area Regional Authority, et al.*, No. 21700275.01 (Iowa Workers' Comp. Comm'n Jan. 9, 2023) (appeal dec.).

9. In *Collins*, the claimant filed a workers compensation claim against his employer and the employer's insurance carrier seeking workers' compensation benefits for allegedly contracting COVID-19 in the course of his employment for Des Moines Area Regional Authority ("DART"). *Collins v. Des Moines Area Regional Authority, et al.*, Iowa Workers' Comp. Comm'n Arb., No. 21700275.01 (2022) (Humphrey, Arb.). The deputy commissioner found the claimant failed to meet his burden of proof to establish his COVID-19 arose out of and in the course of his employment with DART. *Id.*, slip op. at 10–11.

10. In entering its arbitration decision, the deputy commissioner acknowledged the contraction of COVID-19 could be compensable under Iowa's Workers' Compensation Act as an injury or occupational disease. *Id.* at 9. Nevertheless, the deputy commissioner found the claimant failed to meet such burden and the Workers' Compensation Commissioner agreed. *See Collins v. Des Moines Area Regional Authority, et al.*, No. 21700275.01 (Iowa Workers' Comp. Comm'n Jan. 9, 2023) (appeal dec.).

11. *Collins* stands for the proposition that workplace COVID-19 claims—whether meritorious or unsubstantiated—are to be litigated in the workers' compensation arena. Stated differently, this Court does not have jurisdiction over the claim Plaintiffs bring in this dispute; the claim belongs with the agency for a finding on the merits.

*Buljic, et al. v. Tyson Foods, Inc., et al.*

12. On January 20, 2023, the Iowa District Court for Blackhawk County entered an opinion in the matter of *Buljic, et al. v. Tyson Foods, Inc., et al.*, No. LACV140521 (Iowa Dist. Ct. Jan. 20, 2023).

13. In *Buljic*, the plaintiffs alleged the decedents contracted COVID-19 during the course of their employment at Tyson Foods, which plaintiffs claim ultimately lead to their deaths. *Id.*, slip op. at 2. The plaintiffs asserted claims of fraudulent misrepresentation, gross negligence, "breach of duty", and punitive damages against the employer entities and multiple co-employee defendants for failing to prevent the spread of COVID-19 in the Waterloo meatpacking facility. *Id.* The defendants filed a motion to dismiss, asserting the Iowa Workers' Compensation Act provides the exclusive remedy for an employee against an employer and co-employees for a workplace related injury. The District Court agreed and dismissed all claims against the defendant employer and co-employees.[2]

14. In doing so, the *Buljic* Court found intentional torts fell within the ambit of the exclusive remedy provision:

> No matter how the Plaintiffs have characterized their respective causes of action, they are still subject to the IWCA as the gist of their claims is that each decedent was infected in the workplace with COVID-19, that they died as a result of the infection, and that each suffered a workplace injury. As the gist of each claim is a workplace injury, Iowa law requires each Plaintiff to seek their remedy with the Division of Workers' Compensation.

*Id.* at 3.

---

[2] The Court dismissed the gross negligence claims against the co-employees because the Court found the plaintiffs had not met the "substantial burden" of establishing the prima facie elements of gross negligence provided in *Nelson v. Winnebago Indus., Inc.,* 619 N.W.1d 385, 390 (Iowa 2000). *Buljic, et al. v. Tyson Foods, Inc., et al.*, slip op. at 3.

15. The *Buljic* Court found that Section 85.20 provides the exclusive remedy for all workplace injury claims—no matter how plaintiffs cast them. Nothing removes COVID-19 from that statutory framework.

16. Defendants respectfully submit the recent decisions in *Andrade, Collins,* and *Buljic* support granting Defendants' Motion to Dismiss.

17. Because the *Andrade, Collins,* and *Buljic* opinions were issued after all briefing on this Motion, Defendants provide this Notice of Additional Authority to the Court.

Respectfully submitted,

ZENOR KUEHNER, PLC

By: /s/ *Adam D. Zenor*
   Adam D. Zenor, AT0009698

   111 East Grand Avenue, Suite 400
   Des Moines, IA 50309
   Phone: 515/650-9005
   adam@zenorkuehner.com

By: /s/ *Clayton E. Bailey*
   Clayton E. Bailey
   Benjamin Stewart
   Jason Marlin
   Admitted *Pro Hac Vice*

   Bailey Brauer PLLC
   Campbell Centre I
   8350 N. Central Expressway, Suite 650
   Dallas, TX 75206
   cbailey@baileybrauer.com
   bstewart@baileybrauer.com
   jmarlin@baileybrauer.com

ATTORNEYS FOR DEFENDANTS

**Certificate of Service**

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed as receiving notice on February 6, 2023 by CM/ECF.

 /s/ *Adam D. Zenor*

Copy to:

J. Barton Goplerud
Brian O. Marty
SHINDLER ANDERSON GOPLERUD & WEESE, P.C.
5015 Grand Ridge Drive
Suite 100
West Des Moines, IA 50265
goplerud@dagwlaw.com
marty@sagwlaw.com

Aidan B. Carickhoff
  Admitted *Pro Hac Vice*
Jeffrey P. Goodman
Jason S. Weiss
  *Pro Hac Vice* Forthcoming
SALTZ MONGELUZZI & BENDESKY
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
jgoodman@smbb.com
jweiss@smbb.com
acarickhoff@smbb.com

ATTORNEYS FOR PLAINTIFF